UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON, | No. 2:23-cv-0669 DB P |
| Plaintiff, | |
| v. | ORDER |
| IRS, | |
| Defendant. | |

Plaintiff is a former state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Internal Revenue Service ("IRS") assessed a $5,000 penalty and improperly withheld his economic impact payments. Plaintiff has paid the filing fee in full. Presently before the court is plaintiff's first amended[1] complaint for screening. (ECF No. 3.) For the reasons set forth below, the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

---

[1] Plaintiff filed an amended one day after the original complaint was filed on the docket. Because an amended complaint supersedes any prior pleading, the court will screen the amended complaint.

1

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff alleges that he was a state inmate at the time he filed the complaint. (ECF No. 3 at 5.) Plaintiff alleges he filed claims for economic impact payments in 2019, 2020, and 2021. (ECF No. 3 at 5.) He further states he submitted forms given to him by CCI VSP Counselor, Ms. Amey. Plaintiff claims an IRS employee imposed a penalty of $5,000 upon him. (Id. at 5.) He also states that the penalty has affected his social security benefits and his ability to go to his family in Miami Florida for a heart transplant.

He states that he wrote a book, and an IRS operations manager sent him a bill to pay over $1,600 on his book's sales tax. (Id. at 7.) He argues that the action of the IRS is a violation of the Coronavirus Aid, Relief, and Economic Act, CARES Act,[2] and IRS. (Id. at 8.)

## III. Failure to State a Claim under § 1983?

At the outset, the court notes that Congress provided that "[n]o refund or credit shall be made or allowed under [the CARES Act, 26 U.S.C. § 6428(f)(3)(A)] after December 31, 2020."

---

[2] "In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428, to provide emergency relief to individuals in the form of a tax credit (payment) for 2020. Additional relief was provided in 2021." Sileoni v. Internal Revenue Service, No. 1:21-cv-0038-DCN, 2021 WL 1736889, at *2 (D. Idaho May 3, 2021).

Plaintiff initiated this action on April 5, 2023 (ECF No. 1 at 27),[3] after the deadline set forth by the CARES Act. Because that deadline has passed, any entitlement to relief must be sought as a tax credit or rebate pursuant to 26 U.S.C. § 6428(f)(3)(B). Vargas v. Internal Revenue Service, No. 2:21-cv-02102 WBS DB P, 2022 WL 1129284, at *2-3 (E.D. Cal. Apr. 15, 2022).

Additionally, there is no private right of action under the CARES Act. Any tax rebate for which plaintiff may be eligible must be requested through a tax return, as it is the responsibility of the IRS, not the court, to make determinations on rebate or credit eligibility. 28 U.S.C. § 6428(f)(3)(B); Conde v. Dept. of Treasury & Internal Revenue Serv., No. 1:21-cv-01072 DAD SKO, 2021 WL 6000057, at *3 (E.D. Cal. Dec. 20, 2021).

If plaintiff chooses to file an amended complaint, he is advised that, "suits for tax refunds or damages should be brought against the United States." Zinda v. Johnson, 463 F. Supp. 2d 45, 48 (D.D.C. 2006). Accordingly, the IRS is not a proper defendant in this action. Congress has waived the United States' sovereign immunity in civil actions seeking a refund or credit on overpaid taxes. Congress has stated that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Thus, before filing suit in federal court to obtain a credit or refund of overpaid taxes, a plaintiff must first file an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see also 26 U.S.C. § 7422(a); Mays v. Internal Revenue Service, No. 1:19-cv-00344 AWI SAB, 2019 WL 1877066, at *2 (E.D. Cal. Apr. 26, 2019) ("Pursuant to 28 U.S.C. § 1346(a), the United States has consented to be sued in the district court for refund of taxes. But, the United States has consented to be sued for a tax refund only where the taxpayer has followed the

---

[3] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

4

conditions set forth in 26 U.S.C. § 7422(a)."). Additionally, after submitting the claim, the plaintiff is required to allow six months for the IRS to reject or fail to act on the claim. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted). "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted). "The filing of a timely claim is jurisdictional for a refund suit and cannot be waived." N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982).

While plaintiff alleges that he submitted forms for claims requesting economic impact payments (ECF No. 3 at 5), the complaint does not indicate whether plaintiff complied with the requirements of § 7422(a). In any amended complaint, plaintiff should indicate whether he presented a claim to the IRS prior to filing the instant action. If plaintiff has not presented a claim to the IRS he is advised that the suit must be dismissed.

## AMENDING THE COMPLAINT

As set forth above, the complaint does not state a cognizable claim. However, plaintiff will have the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 3) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

////

////

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 17, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/bail1670.scrn